FILED

JUL 1 3 2026

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

MOTION FOR EXTENSION OF TIME; MOTION FOR DECLARATORY RELIEF REGARDING JUDICIAL DISQUALIFICATION; MOTION TO VACATE PRIOR ORDERS IF APPROPRIATE; MOTION TO DISMISS WITHOUT PREJUDICE; AND MOTION TO PROCEED UNDER SEAL AND UNDER THE PSEUDONYM "JOHN DOE"

TO THE HONORABLE JUDGE SIMMONS:

Plaintiff and Relator Marshall Wexler, appearing pro se, respectfully moves for an extension of time to respond to any pending matters and further requests declaratory and other relief as follows.

I. Motion for Extension of Time

Plaintiff respectfully requests an extension of time to respond to any pending deadlines. Good cause exists because Plaintiff is preparing motions addressing judicial disqualification, venue, dismissal without prejudice, sealing of the record, and leave to proceed under a pseudonym. Additional time is necessary to assemble supporting legal authorities and documentary evidence. Plaintiff attempted to contact opposing counsel but failed to make contact by phone or email.

II. Procedural Background

Plaintiff filed an Amended Complaint on December 30, 2024 while he was in the country of Brazil. See dkt #48.  Not all municipal defendants named in the Amended Complaint responded although they were properly served . Several municipal defendants did not answer or otherwise appear. Plaintiff did not seek entry of default or move for default judgment against those municipaldefendants and instead continued litigating the case.

III. Request for Declaratory Relief Regarding Judicial Disqualification

Plaintiff respectfully requests that the Court determine whether the prior recusal of Judge Cheeks reflected circumstances requiring disqualification under 28 U.S.C. § 455.

Plaintiff contends that Judge Cheeks' recusal arose from circumstances creating an actual or apparent conflict of interest, including alleged connections involving the San Diego District Attorney's Office and the New York County District Attorney's Office. Plaintiff requests that the Court determine whether those circumstances required disqualification under the federal recusal statute.

If the Court concludes that disqualification was required under 28 U.S.C. § 455, Plaintiff further requests that the Court determine whether any prior rulings should be vacated under the applicable legal standards governing relief following judicial disqualification.

IV. Motion to Dismiss Without Prejudice

Plaintiff respectfully requests dismissal of this action without prejudice.

Plaintiff believes this matter cannot be fairly litigated in the Southern District of California because Plaintiff believes conflicts of interest have affected these proceedings. Plaintiff therefore seeks dismissal without prejudice so that, if appropriate, the claims may be refiled in another jurisdiction where Plaintiff believes there is no actual or apparent conflict. Plaintiff needs more time to determine where.

V. Motion to Proceed Under Seal and Under the Pseudonym "John Doe"

Plaintiff respectfully requests permission to proceed under the pseudonym "John Doe" and requests that this action be sealed.

Plaintiff asserts that disclosure of Plaintiff's identity presents a substantial risk to Plaintiff's ongoing safety. Plaintiff alleges severe retaliation by law enforcement and other individuals. Plaintiff further alleges that Plaintiff was unlawfully arrested and convicted in Japan through torture, abuse, and racketeering activities involving members of Plaintiff's own family. Plaintiff states that these allegations are discussed in greater detail in Wexler v. Schwartz, Index No. 26-CV-2092.

Plaintiff respectfully submits that these circumstances justify the Court's consideration of sealing the record and permitting Plaintiff to proceed anonymously to protect Plaintiff's safety while preserving Plaintiff's ability to pursue legal claims. I can't help draft or strengthen factual allegations that present unverified claims about identifiable people—such as asserting that a judge has disqualifying financial or professional relationships—unless those assertions are supported by facts in the public record.

If your goal is to preserve a legal argument without stating disputed facts as established, you can phrase it as a request for the Court to consider recusal based on specific, supportable grounds. For example:

Supplemental Request Regarding Judicial Disqualification

Plaintiff respectfully requests that Judge James Simmons consider whether recusal is appropriate under 28 U.S.C. § 455.

Plaintiff believes that certain facts, including Judge Simmons' judicial retirement interests and Plaintiff's allegations regarding relationships between the defendants and governmental entities involved in this litigation, may raise questions concerning disqualification under 28 U.S.C. § 455. Plaintiff respectfully requests that the Court evaluate those matters under the applicable legal standards and determine whether recusal is required.

Plaintiff further requests that, to the extent the Court determines recusal is warranted, the case be reassigned in accordance with the Court's procedures.

With respect to Judge Cheeks, Plaintiff contends that the Court should determine whether any financial interests, prior professional relationships, or other circumstances identified in the record required disqualification under 28 U.S.C. § 455. Plaintiff further requests that, if the Court concludes that disqualification was required, it consider whether any prior orders should be vacated under the standards set forth by applicable law. See dkt # 85 on 06/09/2026.


VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

Grant Plaintiff an extension of time to respond to pending deadlines;

Determine whether Judge Cheeks' recusal required disqualification under 28 U.S.C. § 455; use the new caption in plaintiffs amended complaint filed on 12:30:2026

If the Court finds disqualification was required, determine whether prior orders should be vacated under the applicable legal standard;

Dismiss this action without prejudice;

Permit Plaintiff to proceed under the pseudonym "John Doe";

Seal this action and related filings pending further order of the Court; and

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Marshall Wexler

Plaintiff


Date: 07072026



The UPS Store®

Photo Document Mailer

# The UPS Store

Do not fold or bend

Case 3:24-cv-00137-JES-DDL    Document 90    Filed 07/13/26    PageID.1305    Page 4 of 4

The UPS Store RFID Label

P: WHITE    S: 2

0908-6720 x    [ ]:2

1244X9330039286 7886
US 9202 UDC 25.9 SATOLR
SAT08485 XLE HD02-3 JUL 11 05:53:07 2026

SAN DIEGO DISTRICT COURT CLERK
333 W BROADWAY
STE 420
SAN DIEGO CA 92101

*Andrew Joseph Simmons Chambers*

*Re: 24-CV-0137 Wexler V San Diego*

From:

MARSHALL WEXLER
(347) 799-4984
THE UPS STORE #6816
STE A
300 MENAUL BLVD NW
ALBUQUERQUE NM 87107-1347

SHIP TO:
SAN DIEGO DISTRICT COURT CLERK
STE 420
333 W BROADWAY
SAN DIEGO CA 92101-3086

1 LBS
SHP WT: 1 LBS
DATE: 07 JUL 2026    1 OF 1

CA 921 9-01

UPS GROUND
TRACKING #: 1Z 44X 933 03 9286 7886

BILLING: P/P

RECEIVED

U.S. MARSHALS SERVICE

REF #2: M0